Lourdes M. MADDEN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3243.

United States Court of Appeals, Federal Circuit.

Nov. 7, 2001.

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Lourdes M. Madden petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying her appeal, No. SE–0831–00–0136–I–1, 2001 WL 288665, on the ground that she was not the widow of Bruce Madden and thus not entitled to receive a lump-sum payment under the Civil Service Retirement System ("CSRS") upon his death. We affirm.

## DISCUSSION

### I.

After prolonged service in the Navy, Bruce Madden worked as a civilian employee of the Military Sealift Command from 1973 until 1991. During his civilian employment, Mr. Madden contributed to a retirement fund that had a balance of approximately $17,000 at time of his death in California in 1997. The Office of Personnel Management ("OPM") initially determined that under the order of precedence established by law, the decedent's widow, Glenda Madden ("Glenda"), was entitled to the benefit in the form of a lump-sum payment. 5 U.S.C. § 8342(c) (1994).

Lourdes Madden ("Lourdes") sought reconsideration of the initial OPM decision, alleging that she—not Glenda—was Mr. Madden's widow and thus entitled to the benefit. In support of her claim, Lourdes alleged that she and Mr. Madden were married on April 21, 1976, and that Mr. Madden's earlier marriage to Glenda terminated on October 3, 1969. In its January 27, 2000 reconsideration decision, OPM rejected Lourdes' claim, since its investigation revealed that Mr. Madden and Glenda were married on January 14, 1961 and "were not divorced prior to his demise." In addition, OPM noted that even after he married Lourdes in 1976, Mr. Madden signed a document vesting Glenda, whom he identified as his wife, with power of attorney. On these bases, OPM affirmed its initial determination and found that Glenda was Mr. Madden's spouse upon his death and thus entitled to the benefit of his remaining retirement fund.

Lourdes appealed OPM's reconsideration decision to the Board, which affirmed the conclusion that Glenda, as Mr. Madden's widow, was entitled to the payment at issue. Relying on *Rogers v. Office of Personnel Management,* 87 F.3d 471

(Fed.Cir.1996), an administrative judge ("AJ") of the Board applied the law of California, the state in which Mr. Madden was a domiciliary at the time of his death, to determine whether Lourdes or Glenda was the proper widow and beneficiary. While California law presumes the validity of the most recent marriage, conclusive evidence demonstrating that no divorce terminated an earlier marriage overcomes the presumption. *See McAndrews v. Office of Personnel Management,* 39 M.S.P.R. 168, 173 (1988); *Bailey v. Office of Personnel Management,* 29 M.S.P.R. 670, 672 (1986). In these circumstances, the AJ held that the record evidence conclusively demonstrated that Mr. Madden's marriage to Glenda did not terminate and therefore overcame the presumption that Lourdes was Mr. Madden's spouse at the time of his death. First, the AJ cited to two searches of public records that "showed no record of a divorce decree." Second, Mr. Madden, as noted by OPM, identified Glenda as his wife in a signed power of attorney document that post-dated both his marriage to Lourdes and his alleged divorce from Glenda. Third, during a Navy investigation in 1984, Mr. Madden was asked to provide a copy of a divorce decree but failed to do so. Finally, the AJ pointed to a letter written by Laura Madden, Mr. Madden's older sister, in which she identified Glenda as her sister-in-law. The AJ found that this evidence overwhelmed the evidence presented by Lourdes to support the presumption of her marriage's validity, including Mr. Madden's representation to her that he had divorced Glenda in 1969.

The AJ's initial decision that Glenda was Mr. Madden's widow and thus entitled to the retirement funds at issue became the final decision of the Board on March 20, 2000, when the Board denied Lourdes' petition for review. Lourdes appeals the Board's final decision to this court pursuant to 5 U.S.C. § 7703.

II.

On appeal, Lourdes argues that the Board erred by failing to consider the effect of 38 C.F.R. § 3.1(j), which she asserts entitles her to receive the lump-sum payment at issue. She also argues that the Board ignored probative evidence of her marriage's legality, including Mr. Madden's fathering of her two children.

This Court reviews the Board's decisions under 5 U.S.C. § 7703 with great deference. *See Cheeseman v. Office of Personnel Management,* 791 F.2d 138 (Fed.Cir. 1986). That statute requires this court to affirm the Board's decision unless a petitioner like Lourdes proves that the decision was arbitrary, capricious, an abuse of discretion, not in accordance with applicable law or procedures, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c). For the reasons which follow, we conclude that Lourdes has not carried that burden, as the Board properly applied the law, and its finding that Mr. Madden was married to Glenda at the time of his death is supported by substantial evidence.

■ Lourdes argues that the Board's failure to consider 38 C.F.R. § 3.1(j) resulted in its erroneous finding that her marriage to Mr. Madden was not valid. We disagree. That regulation defines "marriage" as a "marriage valid under the law of the place where the parties resided at the time of marriage, or the law of the place where the parties resided when the right to benefits accrued" for the purposes of disbursing veterans' pensions. While it is far from clear whether Lourdes would prevail in proving that she was married to Mr. Madden even under this definition, we need not consider this question, as the regulation does not apply to the present benefit claim. Though Mr. Madden served in the Navy for more than twenty years, the retirement fund benefit at issue derives from his later work and contributions

as a civilian employee of the Military Sealift Command from 1973 until 1991. Therefore, as reflected by the Board's decision, the Civil Service Retirement System and the codified order of precedence set forth in 5 U.S.C. § 8342, not the regulations related to veterans' pensions, govern the proper disposition of this benefit claim.

■ As far as Lourdes' second argument is concerned, the Board's factual finding that Glenda was Mr. Madden's lawful spouse and retirement fund beneficiary is supported by substantial evidence. The Board correctly looked to California law for the purpose of determining whether Glenda or Lourdes was Mr. Madden's spouse, and thus became his widow, at the time of his death. *See Rogers*, 87 F.3d 471; 5 C.F.R. § 831.603 (definition of "marriage" depends on the "law of the jurisdiction with the most significant interest in the marital status of the employee"). Under California law, the most recent marriage enjoys a presumption of validity, which the Board duly accorded to Lourdes' marriage to Mr. Madden. The subsequent, and in these circumstances outcome determinative, inquiry concerns whether Glenda rebutted that presumption by demonstrating conclusively that her marriage to Mr. Madden was never terminated by divorce. *See Bailey*, 29 M.S.P.R. at 672. Relying on evidence that included the absence of a divorce decree, Mr. Madden's identification of Glenda as his spouse in a signed document after his marriage to Lourdes, and a letter written by Mr. Madden's sister referring to Glenda as her sister-in-law, the Board found that Glenda overcame the presumption of the later marriage's validity. That finding is supported by substantial evidence. The evidence of Lourdes' two children that the Board allegedly ignored neither impacts the relevant inquiry of whether Mr. Madden's marriage to Glenda terminated by divorce nor modifies the substantiality of the evidence supporting the Board's factual conclusions.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.